UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

NEW ERA CAP COMPANY, INC.

                Plaintiff,

v.                                     **DECISION AND ORDER**
                                           06-CV-391S

PRINZ ENTERPRISES LLC and
ERICK B. PRINZ,

                Defendants.
───────────────────────────────

    1.    In this action, Plaintiff New Era Cap Company, Inc. ("New Era") seeks a declaration of noninfringement and/or patent invalidity with respect to United States Patent No. D505,776. On September 6, 2006, the Clerk of the Court entered default against Defendants Prinz Enterprises LLC and Erick B. Prinz. On September 25, 2006, Defendants filed a Motion to Vacate the Clerk's Entry of Default. (Docket No. 14.) New Era opposes the motion.

    2.    Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default or default judgment "[f]or good cause shown." To determine whether to vacate an entry of default, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." Securities and Exchange Commission v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Fifield v. Barrancotta, 240 F.R.D. 64, 65 (W.D.N.Y. 2007).

    3.    While decisions to vacate an entry of default are within the sound discretion

of the district courts, the Second Circuit has "expressed a strong preference for resolving disputes on the merits." State of New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citations and internal quotation marks omitted); *see also*, Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999).  In evaluating such motions, the courts must resolve all doubts in favor of the movant.  Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam).

  4. The information relevant to the Court's consideration of this motion is as follows.  In May and June of 2006, Defendants' general counsel sent two cease and desist letters to New Era relative to its alleged patent infringement in the production and marketing of baseball style caps with area code and city name.  (Docket No. 1, Exs. B and C.)  New Era responded by commencing this declaratory judgment action.  Defendants' answer to New Era's Complaint was due on or before August 20, 2006.  (Docket No. 3.)  Defendants sought to retain an attorney specializing in patent and trademark litigation to represent them.  (Docket No. 16, ¶ 4.)  Because it took Defendants some time to secure such representation, their general counsel contacted Plaintiff to request a thirty-day extension of time in which to answer.  (*Id.* ¶¶ 4-5; Docket No. 18, Ex. C.)  New Era was prepared to agree to an extension if Defendants would consent to venue.  (Docket Nos. 18, ¶ 5 and 21, ¶ 6.)  Defendants engaged their current attorney on August 24, 2006, four days after their answer was due.  (Docket No. 15, ¶ 6.)  New Era's counsel thereafter declined to stipulate to the requested extension of time.  (*Id.*, ¶ 7; Docket No. 16, ¶ 8.)

  5. New Era sought entry of default on September 5, 2006.  The following day, Defendants' newly retained counsel filed a letter-style motion for an extension of time to

answer. (Docket No. 9.) Defendants' motion immediately was terminated as not having been filed in the proper form and the Clerk entered default that same day.

6. Under the circumstances presented here, this Court finds that Defendants' default was not willful. The Second Circuit looks for something more than mere negligence or carelessness before finding willfulness. McNulty, 137 F.3d at 738-39 (court may find wilful default where conduct of counsel or litigant is egregious, purposeful, results in unaccountable delay or is not satisfactorily explained); Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998) (monetary judgments for willful default upheld where defendants' conduct was deliberate and intentional). Here, New Era's counsel does not deny that Plaintiff was apprised of the fact that Defendants were actively seeking to retain different counsel for this litigation and that additional time to respond was needed for that reason. (*See generally*, Docket No. 18.) There is no indication that general counsel's failure to prepare an answer after advising New Era of the circumstances and requesting an extension, or Defendants' failure to otherwise answer until they had succeeded in retaining new counsel, "was deliberate, the result of bad faith, or intended to cause undue delay." Tesillo v. Emergency Physician Assocs., Inc., 230 F.R.D. 287, 289 (W.D.N.Y. 2005) (counsel's failure to file answer following court's denial of motion to dismiss did not constitute willful default where there was no indication the failure was anything other than an innocent omission). This is particularly so where it appears that New Era did not definitively deny the request for an extension until after the time to answer had expired.

7. New Era urges that Defendants have not demonstrated the existence of a meritorious defense. To satisfy this second criterion, 'the defendant need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would

constitute a complete defense." Jones v. Herbert, 02-CV-847, 2004 U.S. Dist. LEXIS 30167, at *8-9 (W.D.N.Y. Oct. 29, 2004) (citing State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004)). The requirement of a factual showing, while generally applicable, is at odds with the approach taken by courts in patent cases. As the Court of Appeals for the Federal Circuit recently reiterated:

> [B]y statute a patent is valid upon issuance, 35 U.S.C. § 282, . . . . Since [the courts] must presume a patent valid, the patent challenger bears the burden of proving the factual elements of invalidity by clear and convincing evidence. That burden of proof never shifts to the patentee to prove validity. The presumption of validity remains intact and the burden of proof remains on the challenger throughout the litigation, and the clear and convincing standard does not change.

Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1359-60 (Fed. Cir. 2007) (internal citations, quotation marks and alterations omitted). It would defy reason to require Defendants to make a showing on this motion that they would not ultimately be required to make to prevail in the litigation. Here, the Court finds the statutory presumption of validity and the burden of proof applicable to New Era's claim of patent invalidity are sufficient, without more, to demonstrate the existence of a "meritorious defense."

8.     Finally, the court must consider whether New Era will suffer prejudice if the default is vacated. "For the delay in filing the answer to prejudice plaintiff, the delay must result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Jones, 2004 U.S. Dist. LEXIS 30167, at *11 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). When first presented with Defendants' request for an extension, New Era indicated it would agree to same if Defendants would consent to venue. Its subsequent denial was not based on prejudice, but on Defendants' purported refusal to agree to New Era's conditions. Furthermore, in responding to

4

Defendants' motion, New Era has not addressed how a delay in filing will result in prejudice or harm, and the Court finds none.

IT HEREBY IS ORDERED, that the Motion to Vacate the Clerk's Entry of Default filed by Prinz Enterprises LLC and Erick B. Prinz (Docket No. 14) is GRANTED.

FURTHER, that Defendants hereby are directed to file their Answer and Counterclaims on or before June 8, 2007.

SO ORDERED.

Dated: May 25, 2007
       Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge