UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

New Era Cap Company, Inc.,

                Plaintiff,

                                            Hon. Hugh B. Scott

            v.                                 06CV391S

                                             **Decision**
                                                             &amp;
Prinz Enterprises, LLC., and                      **Order**
Erick B. Prinz,

                Defendants.

_____

      Before the Court is the defendants' motion to transfer venue (Docket No. 33) and the plaintiff's motion to strike portions of a reply affidavit (Docket No. 48).

**Background**

      The plaintiff, New Era Cap Company, Inc. ("New Era") commenced this action in the Western District of New York seeking declaratory relief invalidating United States Patent No. D505,776 entitled "Area Code Cap" which issued on June 7, 2005 (the " '776 Patent"). The '776 Patent was issued to defendant Erick B. Prinz ("Prinz"). Prinz asserts that he is the inventor of area code and zip code cap products. On May 17, 2006 and June 8, 2006, defendant's counsel sent cease and desist letters to New Era claiming that certain New Era caps infringed Prinz' '776

1

Patent. In response, New Era commenced the instant action claiming that the '776 Patent is "invalid for failure to comply with one or more of the requirements of the patent laws of the United States, particularly 35 U.S.C. §§102, 103 and/or 112." (Docket No. 1 at ¶¶21-22). In addition, New Era contends that the '776 Patent is unenforceable because the defendants "have misused such patent and have unlawfully attempted to extend the scope of their alleged patent right under the '776 Patent." Prinz has filed a counterclaim asserting that New Era has infringed his '776 Patent. (Docket No. 23 at ¶¶ 30-38).

The defendant moves to transfer venue of this case to the Eastern District of New York under the doctrine of *forum non conveniens* codified at 28 U.S.C. §1404. Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) thus supplanted the common law doctrine of forum *non conveniens* for transfers between United States District Courts. Capital Currency Exchange, N.V. v. National Westminster Bank PLC, 155 F.3d 603, 607 (2d Cir. 1998) citing Fitzgerald v. Westland Marine Corp., 369 F.2d 499, 501 n. 3 (2d Cir.1966). Whether to transfer a case under §1404 lies wholly within the broad discretion of the district court. The Court must first determine whether the action could have been brought in the district to which the defendants seek to transfer the case. Herbert Ltd. P'ship v. Electronic Arts Inc., 325 F.Supp.2d 282, 285 (S.D.N.Y. 2004).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964); In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d

Cir.1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness....");see also Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 46 (2d Cir.1996); Capital Currency Exchange, N.V. v. National Westminster Bank PLC, 155 F.3d 603, 609 (2d Cir. 1998). "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 216 (S.D.N.Y.1995)(quoting Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955, 962 (S.D.N.Y.1995). "The defendant moving for a transfer must, therefore, demonstrate 'that transfer is in the best interests of the litigation." Linzer, 904 F.Supp. at 216 (quoting Eskofot A/S v. E.I. du Pont de Nemours & Co., 872 F.Supp. 81, 95 (S.D.N.Y.1995)).

In determining whether transfer is appropriate, the court may consider the following factors: (a) the convenience of witnesses; (b) the convenience of the parties; (c) the locus of operative facts; (d) the location of relevant documents and relative ease of access to sources of proof; (e) the availability of process to compel the attendance of unwilling witnesses; (f) the forum's familiarity with the governing law; (g) the relative financial means of the parties; (h) the weight afforded plaintiff's choice of forum; and (i) trial efficiency and the interests of justice. In re Stillwater Mining Co. Sec. Litig., 2003 WL 21087953, at *3 (S.D.N.Y. 2003); Ravenwoods Invest. Co., L.P. v. Bishop Capital Corp., 2005 WL 236440, *3 (S.D.N.Y.,2005). No one factor is controlling or determinative, rather the Court must , in its discretion, balance all of the factors in making its decision. Praxair, Inc. v. Morrison Knudsen Corp., 2001 WL 118585, *2 (W.D.N.Y. 2001).

It is undisputed that this action could have been brought by New Era against Prinz in the Eastern District of New York. Thus, the Court must next determine, upon balancing the factors listed above, whether the interests of justice favor the transfer of this action to the Eastern District of New York. With respect to the convenience of witnesses, although the parties dispute the substantive value of their respective opponent's prospective witnesses, it appears that multiple witnesses are located in each judicial district. Similarly, there are relevant documents located in each district: Prinz' documents relating to the application and use of the '776 Patent are located in the Eastern District of New York; while New Era's documents relating to its design and sales of caps are located in the Western District of New York. Each district is equally familiar with the applicable law.

Several of the factors to be considered favor the transfer of this action to the Eastern District of New York. The witnesses identified by New Era are all employees of New Era (Docket No. 45 at ¶ 6), each of whom would, presumably, willingly testify for their employer whether the case were litigated in the Western District of New York or the Eastern District of New York. Prinz has identified several third-party witnesses located within the Eastern District of New York. (Docket No. 47 at ¶ 6). The record does not reflect, what if any, control Prinz has over these witnesses. The presumption that these witnesses would willingly testify for Prinz is less certain than the presumption that New Era's employees would testify for their employer. Thus, it would appear that the Eastern District of New York may have an advantage if it were necessary to compel the attendance of an unwilling witness. The locus of the operative facts relating to Prinz' conduct in prosecuting and maintaining the '776 Patent is within the Eastern District of New York. Indeed, the record before the Court does not reflect that Prinz has any

4

contacts within the Western District of New York.[1] New Era, on the other hand, does not dispute that it conducts business inside the Eastern District of New York. Further, New Era does not dispute Prinz' assertion that New Era executives travel to the Eastern District of New York on a regular basis. These facts favor the Eastern District of New York when considering the convenience of the parties. Finally, the disparity in the relative means of the respective parties also favors the transfer of this action to the Eastern District of New York. New Era acknowledges that it manufactures and sells baseball caps "throughout the United States and the world." (Docket No. 1 at ¶ 9). Prinz argues, and New Era does not dispute, that the plaintiff is one of the largest such manufacturers and that New Era is the exclusive manufacturer of caps for Major League Baseball. (Docket No. 34 at page 8). Prinz asserts, conversely, that he is "an individual inventor with a start-up sole proprietorship." (Docket No. 34 at page 8). Further, it appears that Prinz operates his business in addition to working full-time as the sales and marketing manager for Unity Creations, Ltd., a company that sells rubberized safety flooring. The defendant alleges that he is compensated with a low monthly base pay and that his income is dependent upon commissions. (Docket No. 47 at ¶¶ 8-9). The plaintiff has articulated no basis to dispute these assertions by Prinz.

---

[1] The Court notes that 28 U.S.C. §1400 deals with the venue for civil actions relating to copyright and trademark claims. The provision states:
>  (a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

However, the inquiry under §1400(a) focuses on whether the jurisdictional contacts relied upon are specific to the district in which the case is brought, not merely the state in which the district court sits. Roberts v. Keith, 2007 WL 2712853 (S.D.N.Y. 2007); Haaretz Daily Newspapers, Ltd. v. Maariv Modiin Pub. Co., Ltd.,1999 WL 796163, (S.D.N.Y., 1999).

Upon balancing the respective factors in this case, the Court finds that the factors favoring the transfer of this matter to the Eastern District of New York outweigh the preference afforded to the plaintiff's choice of forum.

## Conclusion

Based upon the forgoing, the defendants' motion to transfer venue to the Eastern District of New York is granted. The defendants motion to strike the plaintiff's affidavit is denied.

So Ordered.

                                          /s/ Hugh B. Scott
                                          United States Magistrate Judge
                                          Western District of New York

Buffalo, New York
February 28, 2008